IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-92 |
| v. | ) | No. 3:07-CR-83 |
| | ) | |
| LARRY DARNELL SANKEY, II, | ) | (PHILLIPS / GUYTON) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Defendant Sankey is charged with ten counts of distributing crack cocaine in case number 3:15-CR-92. He also has a pending Petition for revocation of supervised release relating to a 2008 conviction for possession of crack cocaine with intent to distribute in case number 3:07-CR-83. On June 14, 2016, the Defendant appeared before the undersigned and asked to represent himself. The Court found [Doc. 31] the Defendant knowingly and voluntarily waived his right to counsel and permitted the Defendant to represent himself. The Court appointed Attorney Kimberly A. Parton to serve as elbow counsel for the Defendant.

Defendant Sankey has filed two documents in both of his cases: a "Judicial Notice" [Case No. 3:15-CR-92, Doc. 32; Case No. 3:07-CR-83, Doc. 37] and an "Affidavit and Notice of Default" [Case No. 3:15-CR-92, Doc. 33; Case No. 3:07-CR-83, Doc. 38], which has been docketed as a supplement to the Judicial Notice in each case. The Judicial Notice purports to put the Court on notice that it lacks jurisdiction over the Defendant. Although not styled as a motion, the Judicial Notice demands [p.12] that the Court dismiss the Defendant's cases because the Court allegedly lacks *in personam*, territorial, and subject matter jurisdiction and because venue is improper. The Affidavit and Notice of Default states that the Court has "defaulted" on the Judicial Notice and, thus, the Defendant is not liable for the charges in his cases. For the

reasons stated below, the undersigned recommends that, to the extent that the Defendant's filings can be treated as motions to dismiss the charges, they be denied.

## I.     ANALYSIS

The Court begins by observing that the Defendant's filings are frivolous and illogical. As far as the Court is able to discern the trace of an argument in his ramblings, he appears to assert that he is a "living man" or sovereign citizen and is not subject to the Court's jurisdiction because the Court is a foreign state. The Court finds that the Defendant's claims are both procedurally deficient and substantively meritless.

### A.  Defendant's Request to Dismiss is Improper and Untimely

The Defendant first filed his Judicial Notice in case number 3:07-CR-83 on March 4, 2016. His filing did not contain the case number for 3:15-CR-92, so it was not docketed in that case. At the June 14, 2016, motion hearing on prior defense counsel's motion to withdraw, Defendant Sankey asked the Court to file the Judicial Notice in both of his cases. On June 20, 2016, the Defendant filed the Affidavit and Notice of Default in case number 3:15-CR-92. This filing was docketed as a supplement to the Judicial Notice in both of the Defendant's cases.

The Court finds that the Judicial Notice was procedurally improper at the time it was filed in case number 3:07-CR-83 because the Defendant was represented by court-appointed counsel at that time. The Local Rules of this Court provide that

> [w]henever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the Court, after notice by the party to the attorney and to the opposing party. However, the Court may, in its discretion, hear

2

> a party in open court, notwithstanding the fact that the party is represented by an attorney.

E.D.TN LR 83.4(c). At the Defendant's request upon his initial appearance, the undersigned appointed [Doc. 7] Assistant Federal Defender Benjamin Sharp and the Federal Defender Services of Eastern Tennessee to represent the Defendant. On January 8, 2016, the Court granted the Defendant's request for substitution of counsel and appointed [Doc. 25] Attorney Theodore Kern to represent the Defendant. Thus, at the time the Defendant filed the Judicial Notice on March 4, 2016, he was represented by appointed counsel and could not file motions in his own behalf.

The request to dismiss the case due to improper venue contained within the Judicial Notice is also untimely, even if deemed filed on March 4, 2016, in both cases. At the time he was substituted as counsel of record, Mr. Kern requested an extension of the deadline for filing pretrial motions. The Court granted [Doc. 25] this request and extended the motion deadline to February 10, 2016. While motions alleging the Court lacks jurisdiction may be raised at any time during the pendency of the case, see Fed. R. Crim. P. 12(b)(2), motions raising improper venue must be raised pretrial by the deadline for filing motions imposed by the Court. Fed. R. Crim. P. 12(b)(3)(A)(i) & -(c). Thus, the Defendant's allegations of improper venue are untimely, and the Defendant has not shown good cause for the delay in filing.

The undersigned recommends that, to the extent that they can be considered motions, the Defendant's Judicial Notices be dismissed as filed in violation of the local rules and, at least with regard to his allegations of improper venue, as untimely.

3

## B. The Court Has Jurisdiction and Venue is Proper

To the extent that the Court can decipher the Defendant's arguments in his Judicial Notice and Affidavit and Notice of Default, the Defendant contends that the Court lacks jurisdiction over him or this case and venue is improper because he is a sovereign citizen and the Court is a "foreign state." As explained in detail below, the Court finds no basis for the dismissal of the Indictment and **RECOMMENDS** that the Defendant's Judicial Notice and Affidavit and Notice of Default, to the extent that they can be taken to request relief from the Court, be denied in both of the Defendant's cases.

Article III, section 1, of the United States Constitution provides in pertinent part that the "judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the congress may from time to time ordain and establish." U.S. Const. Art. III, § 1. Section 2 explains that the "judicial power shall extend to all cases, in law and equity, arising under this constitution, [and] the laws of the United States[.]" U.S. Const. Art. III, §2, cl.1. By statute, Congress has declared that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The Defendant is charged [Doc. 1] with ten counts of violating the federal Controlled Substances Act, 21 U.S.C. § 841, in the Eastern District of Tennessee. Because the Defendant is alleged to have violated a federal law, in this district, the United States District Court for the Eastern District of Tennessee unquestionably has jurisdiction over this case.

The Defendant also argues that the Court does not have jurisdiction over his person because he is a "living man" and a sovereign citizen. The Defendant is alleged to have committed the instant crimes and violation of supervised release in this district. Following the filing of the Indictment in this case, the Government moved [Case No. 3:15-CR-92, Doc. 2] the

4

Court for a writ of habeas corpus ad prosequendum, stating that the Defendant was in the custody of the Sheriff of Blount County at the Blount County Jail. The Court granted [Case No. 3:15-CR-92, Doc. 3] this request, ordering the Blount County Sheriff to produce the Defendant for proceedings on these charges, until this case is completed. The Defendant appeared before the undersigned, pursuant to this writ, on July 1, 2015. The Defendant has been continuously in custody on the Court's Order [Case No. 3:15-CR-92, Doc. 10], since that time. Thus, the Court has personal jurisdiction over the Defendant.

The Defendant also argues that his cases must be dismissed because venue is improper. The Constitution provides that a defendant has a right to be tried where the crime was allegedly committed. U.S. Const. art. III, § 2. This provision is interpreted to mean in the district where the crime is alleged to have occurred, unless a statute or rule directs otherwise. See Fed. R. Crim. P. 18; see also 18 U.S.C. § 3232 (providing that "[p]roceedings are to be in the district and division in which the offense [was] committed" per Rule 18). Cases in which the crime was allegedly committed in more than one district "may be prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Moreover, as discussed above, 18 U.S.C. § 3231 grants district courts original jurisdiction over all offenses under United States law. Congress has established a United States District Court in Eastern Tennessee. 28 U.S.C. § 123(a). The Petition in case number 3:07-CR-83 [Doc. 29] alleges that the Defendant violated the conditions of his supervised release by delivering crack cocaine to an individual in Blount County, Tennessee. The Indictment in case number 3:15-CR-92 alleges that the Defendant distributed crack cocaine in the Eastern District of Tennessee. Accordingly, the Court finds that venue is proper.

The Court finds that it has jurisdiction over the subject matter of the cases and over the Defendant's person. Moreover, the venue is properly in this district. The Court finds

5

the Defendant's arguments to the contrary to be utterly without merit and recommends that his requests to dismiss the Indictment and Petition be denied.

## II. CONCLUSION

To the extent that the Defendant's *pro se* Judicial Notice and Affidavit and Notice of Default can be considered motions to dismiss the Petition in case number 3:07-CR-83 and the Indictment in case number 3:15-CR-92, the Court finds that these filings are procedurally deficient and substantively meritless. The Court finds that it has jurisdiction over the Defendant and the case and that venue is properly in the Eastern District of Tennessee. Accordingly, the undersigned **RECOMMENDS** that the Defendant's *pro se* requests [Case No. 3:15-CR-92, Docs. 32 & 33; Case No. 3:07-CR-83, Docs. 37 & 38] to dismiss the charges against him be denied.[1] The Clerk of Court is **DIRECTED** to file this report in both of the Defendant's cases and to mail a copy of it to the Defendant at the address provided at the top of his Affidavit and Notice of Default [Case No. 3:15-CR-92, Doc. 33; Case No. 3:07-CR-83, Doc. 38].

Respectfully recommended,

*Bruce Guyton*

H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).